PER CURIAM.
By this interlocutory appeal, appellant seeks review and reversal of the trial court’s order denying appellant’s motions to strike, and/or deny certain pleadings and motions filed by appellee. The pleadings and motions filed by appellee sought to restore alimony payments from appellee and to modify and/or set aside certain judgments entered by the trial court on the basis that appellee had remarried. Said pleadings were based upon the fact that her putative remarriage had since been annulled by a final judgment entered upon pleadings showing that such marriage was null and void as bigamistic.
As grounds for appellant’s motions to strike and/or deny the pleadings and motions filed by appellee, appellant contended that said pleadings were not made in accordance with Civil Procedure Rule 1.-540(b) (i. e., that such pleadings were not made within one year after the judgments were entered); and that the final judgment of annulment is not binding on appellant since he was not a party nor in privity with any party to the annulment suit. The trial court denied appellant’s motions and found that (1) appellee’s motion to modify and/or set aside prior judgments and her petition for restoration of alimony were not barred by Rule 1.540(b), and (2) appellant had the right to file an independent action to determine whether the final judgment of annulment is subject to attack by appellant.
With the first holding regarding the non-application of Rule 1.540(b), we agree. Said rule does not deprive the Circuit Court of its continuing jurisdiction in matters concerning the award of alimony when a substantial change of status or circumstances occurs to warrant relief. F.S. § 61.14(1). In affirming this portion of the order below, we are giving no indication of how this Court would rule on the *648 merits of the appellee’s motions and pleadings were they now before us. The merits of appellee’s motion are not now before us, and we simply affirm the trial court’s order that appellee’s motions are not barred by the time limitations set forth in Civil Procedure Rule 1.540(b).
As to the second holding, that appellant has the right to file an independent action to determine whether he may attack the final judgment of annulment, we reverse. While we agree that appellant has the right to collaterally attack the final judgment of annulment inasmuch as said judgment may affect his rights and interests, we feel that such attack, if there exists any grounds for the same, should be made in the proceedings now before Judge Sack in the Circuit Court. We see no reason to require appellant to institute a separate action when the parties, as well as all relevant pleadings relating to the judgment of annulment, are now before the Court in a matter affecting the very rights and interests of appellant which give him the right to attack the judgment of annulment.
In conclusion, we hold that the trial court did not err in denying appellant’s motions to strike and/or deny appellee’s motions and petition for restoration of alimony. As noted above, this does not, of course, constitute a ruling on the merits of appellee’s pleadings. We reverse that portion of the order adjudging that appellee shall have the right to file an independent action to determine whether the final judgment of annulment is subject to attack by appellant, and hold that said judgment is subject to attack by appellant. If appellant so wishes to attack said judgment, it should be done by appropriate proceedings in the case now before the Circuit Court,
Affirmed in part and reversed in part
RAWLS, C. J., and JOHNSON and SPECTOR, JJ., concur.